MILLER v. HOUSTON CITY ST. RY. CO.

(Circuit Court of Appeals, Fifth Circuit. June 17, 1895.)

No. 382.

CORPORATIONS—TITLE TO STOCK.

In 1873, 180 shares of stock of the H. Co. were issued to one H., on account of B., for cash advanced by B. in the organization of the company. In 1874, on an adjustment of accounts between B. and the company, 1,468 shares of stock were issued to B. in full settlement, the original shares being thereafter treated as canceled, though not surrendered. In 1875, B.

delivered the original certificates to the plaintiff, as margin on a purchase of cotton for future delivery, no money or valuable consideration appearing, however, to have been given for them. The plaintiff held the shares until 1884, when he showed them to the general manager of the R. Co., and was notified by him that the stock would not be recognized, and belonged to the canceled files of the company. In 1888 plaintiff made a formal demand for transfer of the stock, and in 1889 brought suit for damages for the company's refusal to transfer it. *Held*, that the plaintiff was in no better position than B. to assert title to the stock, and could not recover.

In Error to the Circuit Court of the United States for the Eastern District of Texas.

This was an action by Walter T. Miller against the Houston City Street-Railway Company to recover damages for a refusal to transfer certain stock. Upon the first trial, before the court without a jury, judgment was rendered for the defendant, and, on error, a new trial was awarded. 5 C. C. A. 134, 55 Fed. 366. The case was again tried by the court without a jury and judgment given for the defendant. Plaintiff brings error. Affirmed.

R. V. Davidson and F. D. Minor, for plaintiff in error.

M. W. Garnett, for defendant in error.

Before PARDEE and McCORMICK, Circuit Judges, and BRUCE, District Judge.

PER CURIAM. The undisputed evidence in the case shows that in October, 1873, William Brady, then president of the Houston City Street-Railway Company, caused to be issued to T. W. House, for his (Brady's) account, 180 shares of stock for and on account of cash advanced by him (Brady) in the organization of the company; that thereafter, in 1874, other matters of account having arisen between Brady and the company, a settlement was had of all the matters involved, and 1,468 shares of stock were issued to William Brady in place of all stock originally issued, and in full settlement of all amounts found to be due. After such settlement, although the original stock certificates issued in October, 1873, were not surrendered, they were treated as canceled, and thereafter neither William Brady, nor any one else for him, ever attempted to vote, or assert any right or claim under the said certificates, until the plaintiff in error asserted his pretensions resulting in the present suit. In the summer or fall of 1875, William Brady delivered the original stock certificates, issued as aforesaid in 1873, to the firm of Miller & Co., of New York, who received the same as marginal security in cotton purchases for future delivery, but who are not shown to have paid or advanced any money or other valuable consideration for or on account of the same. The said firm of Miller & Co. asserted no claim under the said certificates until 1884, when the plaintiff in error showed the certificates to the president of the Houston City Street-Railway Company, at the time in New York. The president then told him that said stock would not be recognized, exhibiting an official list of the stock of the company, which did not embrace any of the stock in controversy. August 25, 1884, the vice president and general manager of the railway company by letter notified

Miller & Co. that the stock in question belonged to the canceled files of the company. After this no effort was made to assert any rights under the stock sued on until July, 1888, when a formal demand was made on the company to transfer the stock on the books of the company to the plaintiff in error, which was refused. The demand was renewed in October, 1888. and was again refused. This suit. which is for damages, was instituted on September 16, 1889. Under this showing it is quite clear that the plaintiff in error, representing the firm of Miller & Co., is in no better position to assert title to the stock in controversy than would be Brady himself; and, as to Brady, it cannot be contended that he had any claim whatever on the Houston City Street-Railway Company for and on account of the said stock. As we view the case, it would not have been error in the court below to have instructed the jury to find a verdict for the defendant, for no other verdict was permissible under the issues and evidence. It follows that none of the errors assigned in this court, if otherwise well taken, were prejudicial to the defendant in error, and the judgment of the circuit court is affirmed.